IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SUSAN SHOCKEY, | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO. 6:17-CV-00613-JDL |
| v. | | |
| UNIVERSAL CABLE HOLDINGS, INC. D/B/A SUDDENLINK COMMUNICATIONS, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Universal Cable Holdings, Inc. d/b/a Suddenlink Communications' ("Suddenlink" or "Defendant") Motion for Summary Judgment. (Doc. No. 32.) Plaintiff Susan Shockey ("Plaintiff") has filed a response (Doc. No. 36), to which Defendant has filed a reply (Doc. No. 47). Upon consideration of the parties' arguments, and for the reasons discussed herein, Defendant's Motion (Doc. No. 32) is **GRANTED**.

**BACKGROUND**

Plaintiff initiated this action on October 25, 2017, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.* (Doc. No. 1.) Plaintiff was hired by Defendant Suddenlink in December 2013 when she was 60 years old. *See* Doc. No. 32-1, Deposition of Susan Shockey ("Shockey Tr."), at 55:19–56:5, 10:3–4. Plaintiff was hired by Suddenlink as a senior business manager to move Interactive Voice Response ("IVR")

1

operations in-house from outside consulting. *Id.* at 58:21–23. Plaintiff's job duties fell into the category of "shared services," which included managing the command call center, back office support for the call centers, scheduling, and managing vendors and browser notifications. *Id.* at 71:17–72:11. Plaintiff was hired by Mark Nelson and he supervised all of shared services. *Id.* at 74:12–16, 57:5–7, 55:19–56:5. In May 2015, it was announced that Suddenlink would be acquired by the French Telecommunications Company, Altice, and the acquisition was completed by December of 2015. *Id.* at 110:6–15. Thereafter, a reduction in workforce took place, including "Project Symphony," a project that Plaintiff worked on to help the transition to Altice that included staff reduction. *Id.* at 69:8–24; Deposition of Mark Nelson ("Nelson Tr.") at 21:6–24:7. Around August 1, 2016, Plaintiff's duties changed and some duties were reassigned, but Plaintiff was not demoted, her title was not changed, and her benefits were not reduced. *Id.* at 144:8–21. On February 17, 2017, Plaintiff was terminated from her position by Mr. Nelson. *Id.* at 157:19–158:21. On June 23, 2017, Mr. Nelson was laid off, along with another manager in the shared services department, Kris Galland. (Doc. No. 32-8, at ¶ 16.)

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*,

477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any

proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## DISCUSSION

As an initial matter, Plaintiff did not respond to Defendant's list of undisputed facts as required by the Court's Docket Control Order. *See* Doc. No. 28, at 3 ("Any party filing a motion for summary judgment SHALL include a list of undisputed facts with citations to the record. The responding party shall respond to each one of those facts by either identifying agreement or by stating the dispute with corresponding record cites."). Thus, while the Court can deem Defendant's statement of facts admitted, in the intertest of justice, the Court has made its best efforts to scour the record and deposition testimony to determine whether such facts are disputed as discussed herein.

### I. ADEA Claim

In her complaint, Plaintiff asserts a violation of the ADEA for termination based upon her age as well as a reassignment of duties based upon her age. (Doc. No. 1, at 6–7.) Defendant has moved for summary judgment on these claims. (Doc. No. 32, at 14–20.)

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a); *Dees v. United Rentals N. Am., Inc.*, 505 F. App'x. 302, 304 (5th Cir. 2013). Plaintiff proceeds with her ADEA

claim under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, a plaintiff must first demonstrate a prima facie case of discrimination. *Id; Manning v. Chevron Chem. Co*., 332 F.3d 874, 881 (5th Cir. 2003). To establish a prima facie case under the ADEA, Plaintiff must show that (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age. *Jackson v. Cal– W. Packaging Corp*., 602 F.3d 374, 378 (5th Cir. 2010). If the plaintiff succeeds in establishing her prima facie case, then the defendant must articulate a legitimate, nondiscriminatory reason for the termination. *Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 349 (5th Cir. 2007). If the defendant meets its burden of advancing a nondiscriminatory explanation, plaintiff must offer evidence of pretext. *Jackson*, 602 F.3d at 378. Pretext is shown through evidence of disparate treatment or through evidence that the employer's reasons are false. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Under the ADEA, it is not enough to show that discrimination is a motivating factor; rather, the plaintiff's age must be the "but for" cause of the adverse employment action. *Dees*, 505 F. App'x. at 304.

Defendant argues that Plaintiff cannot establish her prima facie case, that it has a legitimate, non-discriminatory reason for Plaintiff's termination, and that Plaintiff cannot show that reason is pretext for intentional age discrimination. (Doc. No. 32, at 14–20.)

### a. *Prima Facie Case*

This case indisputably involves a reduction in force. Shockey Tr. at 69:8–24; Nelson Tr. at 18:8–19:7. In a reduction-in-force case, a plaintiff makes out a prima facie case by showing (1) that she is within the protected age group; (2) that she has been adversely affected by the

5

employer's decision; (3) that she was qualified to assume another position at the time of the discharge; and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991)). Here, Defendant contends that Plaintiff cannot meet the fourth prong of her prima facie case, leaving the first three prongs uncontested. (Doc. No. 32, at 15.)

Specifically, Defendant contends that the evidence shows that Mr. Nelson terminated Plaintiff as an act of self-preservation, according to Plaintiff. *Id*. at 16, citing Shockey Tr. at 123:2–8, 124:1–5. Defendant contends that while the alleged acts may be selfish, they are not discriminatory. *Id.* Defendant points out that Mr. Nelson was ultimately terminated as well. *Id.* Defendant cites to *Willie v. Wharton Junior College*, 33 F. App'x 705 (5th Cir. 2002), in support of the contention that "selfish" reasons are not discrimination. *Id.* Plaintiff does not distinguish Willie, but argues that the evidence shows that Plaintiff's age was a consideration in the decision to terminate her, that age played a role in the reassignment of duties, and that Mr. Nelson made ageist comments to Plaintiff. (Doc. No. 36, at 14.)

As an initial matter, the Court in *Willie* was not considering whether there was "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue," but rather found that an employer's "selfish" reasons for consolidating a department head job does not "tend to prove that the proffered legitimate non-discriminatory reason is pretextual." *Willie*, 33 F. App'x at 705. Thus, contrary to Defendant's suggestion, the court simply did not "hold" that "selfish" acts are not

discriminatory, but rather found that the facts of that case did not tend to prove that such selfish acts established pretext. *Id*.

The proper inquiry is simply whether a genuine issue of material fact remains such that a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Nichols*, 81 F.3d at 41. Here, Plaintiff points to the following evidence of discrimination: (1) deposition testimony from Debra Shull, former Human Resources manager for Defendant, that Mr. Nelson was "sidelining Susan" because "she might retire" when Plaintiff had told Ms. Shull she had no intentions of retiring (Doc. No. 36-11, Deposition of Debra Shull ("Shull Tr.") at 14:20–16:12; 17:2–18:24); (2) Ms. Shull's testimony that there was a huge drop in responsibilities as to Plaintiff's duties when she was being "sidelined" (Shull Tr. at 19:6–20:23); and (3) statements by Mr. Nelson that Plaintiff should retire to spend time with her husband (Shockey Tr. at 124:7–18; 169:7–24). These statements pertaining to Plaintiff's age and suggestion for retirement proximate to the restructuring of her responsibilities and ultimate termination, if uncontested, establish discrimination as set forth in Plaintiff's prima facie case. In other words, based upon the evidence presented to the Court, the Court cannot conclude as a matter of law that no reasonable jury could conclude that Defendant intended to discriminate in eliminating Plaintiff's job duties or in her ultimate termination. As such, Defendant's argument that Plaintiff cannot meet her prima facie case is not a basis for summary judgment in this instance.

### b. *Pretext*

Having determined that the elements of Plaintiff's prima facie case exist, the Court next considers whether Defendant has proffered a legitimate non-discriminatory reason for Plaintiff's job duty reassignment and termination. *Berquist*, 500 F.3d at 349. The Defendant's burden is one

of "production, not persuasion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 236 (5th Cir. 2016). Here, Defendant has proffered the reason that Plaintiff's position was eliminated due to overall restructuring and reduction in force. (Doc. No. 32, at 17.) As discussed above, the fact that a reduction in force was occurring during the relevant time period is not in dispute. Shockey Tr. at 69:8–24; Nelson Tr. at 18:8–19:7. The Fifth Circuit has previously found a reduction in force to be a legitimate, non-discriminatory reason for termination. *E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (finding a "reduction in force" to be "a legitimate, nondiscriminatory reason for discharge"). Thus, the Court finds that Defendant has met its burden in providing a legitimate non-discriminatory reason for Plaintiff's job restructuring and ultimate termination.

Having met its burden of production, the burden shifts back to Plaintiff to offer evidence of pretext. *Jackson*, 602 F.3d at 378. Pretext is shown through evidence of disparate treatment or through evidence that the employer's reasons are false. *Moss*, 610 F.3d at 922. Under the ADEA, it is not enough to show that discrimination is a motivating factor, rather, the plaintiff's age must be the "but for" cause of the adverse employment action. *Dees*, 505 F. App'x. at 304.

Defendant argues that Plaintiff can produce no evidence showing that its legitimate and non-discriminatory reason for her discharge is pretextual. (Doc. No. 32, at 18.) Defendant argues that more than 150 employees were terminated as part of a reduction in force, including Plaintiff's 61 year old manager who eliminated her position and was terminated himself only four months later. *Id.* Defendant points out that Plaintiff's "shared services" department no longer exists and most all of the employees Plaintiff worked with are gone. *Id.* at 19, citing Shockey Tr. at 147:1–11, Doc. No. 32-8, at ¶ 16. Further, Defendant points to the "same actor inference" to argue that because the same person who hired Plaintiff also fired her, the inference

is drawn that the action was not discriminatory. *Id.* citing *Brown v. CSC Logic, Inc*., 82 F.3d 651, 658 (5th Cir. 1996). Plaintiff contends that two factors establish age discrimination on the part of Defendant: (1) Defendant's more favorable treatment of other, younger similarly situated employees; and (2) evidence of age animus on the part of Plaintiff's direct supervisor. (Doc. No. 36, at 15.)

Comments which suggest, even indirectly, that an employer may have considered age are relevant to an age discrimination claim. *Hansard v. Pepsi–Cola Metro. Bottling Co*., 865 F.2d 1461, 1466 (5th Cir. 1989), cert. denied, 493 U.S. 842 (1989). However, the Fifth Circuit has stated that stray comments regarding an employee's age are, standing alone, insufficient to support a finding of unlawful age discrimination. *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1166 (5th Cir. 1993) ("[M]ere stray remarks, with nothing more, are insufficient to establish a claim of age discrimination...."). "A 'stray' remark is a remark which is isolated (i.e., not accompanied by other remarks similar in nature) or not accompanied by other evidence indicative of discriminatory animus." *Bumstead v. Jasper Cty*., 931 F. Supp. 1323, 1334 (E.D. Tex. 1996). "Conversely, remarks are not considered stray and may be effective to defeat a motion for summary judgment when they occur with some frequency or when they exist in combination with other evidence of age-based animus." *Id.* The Fifth Circuit has held that such remarks may be sufficient evidence of discrimination if the comments are "(1) related [to the protected class of persons of which the plaintiff is a member]; (2) proximate in time to the terminations; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Sreeram v. Louisiana State Univ. Med. Ctr.-Shreveport*, 188 F.3d 314, 320 (5th Cir. 1999) (citing *Brown,* 82 F.3d 651 at 655).

Here, according to Plaintiff and Ms. Shull, Mr. Nelson had encouraged Plaintiff to retire to spend time with her husband. Shockey Tr. at 234:7–24; Shull Tr. at 15:11–16:3; 17:23–18:15. Plaintiff contends that at some point in August 2015 when her duties changed, every conversation she had with Mr. Nelson ended with statements like "are you sure you just don't need to retire" and "don't you think you would be happier if you just retired." Shockey Tr. at 169:15–24. By Plaintiff's own characterization, this testimony suggests that Mr. Nelson's motive to suggest retirement was Plaintiff's personal happiness and welfare—that she would be happier if she retired. *Id.* Consistent with this testimony, Mr. Nelson testified that he had these conversations with all of his team members when the mergers started to discuss the change and the understanding that everyone might have a personal option for them and other interests in life that they might pursue. Nelson Tr. at 30:11–24. Moreover, Mr. Nelson testified that the first conversation he recalled having with Plaintiff regarding retirement was a conversation Plaintiff herself initiated with regard to a company program called "Voluntary Separation" and whether it would apply to Suddenlink employees. *Id.* at 30:25–31:16. Plaintiff does not dispute this fact.

Thus, given the ambiguity regarding the frequency of conversations, coupled with the context of the conversations and general lack of evidence suggesting discriminatory animus, these statements are insufficient to show pretext. Even when coupled with the fact that some younger employees were retained, this evidence is insufficient. *See Bumstead v. Jasper Cty.*, 931 F. Supp. 1323, 1333 (E.D. Tex. 1996) (finding that encouragement given by employer that plaintiff should retire because of his age coupled with observations that younger workers could do better, faster, work was not sufficient evidence of pretext to defeat employers motion for summary judgment). Notably, Plaintiff's response does not point to any specific employees Plaintiff contends were retained nor does Plaintiff explain how these employees were similarly

10

situated. In her statement of facts, while Plaintiff lists some employees who were retained, the only individual whose age is identified by Plaintiff as a "younger employee" (30 years old) and who was reassigned some of Plaintiff's duties was Chris Brooke. (Doc. No. 36, at 5.) Chris Brooke, however, was Plaintiff's subordinate. Shockey Tr. at 84:10–23. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009) (holding that "employees who have different work responsibilities" are not similarly situated).[1]

Moreover, Defendant notes that Mr. Nelson hired Plaintiff when she was 60 years old and only three years later altered her duties that led to her discharge. Shockey Tr. at 10:3–4; 122:13–124:5. Defendant suggests that under the Fifth Circuit's "same actor inference" rule, the Court should draw the inference that the action was not discriminatory where, as here, the same person who hired Plaintiff when she was a member of the protected class also fired her when she was a member of the protected class. The Court agrees that this fact gives rise to the inference that discrimination was not the motivation behind Mr. Nelson's decision to change Plaintiff's duties or for her termination. *See Brown*., 82 F.3d at 658 ("[C]laims that employer animus exists in termination but not in hiring seem irrational.... [I]t hardly makes sense to hire workers from a group one dislikes ... only to fire them once they are on the job." (internal quotation marks omitted)), *abrogated in part on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). The fact that Mr. Nelson himself was terminated a short four months later further supports this inference. (Doc. No. 32-8, at ¶ 16.)[2]

---

[1] Although not briefed by Plaintiff, to the extent she intends to maintain a claim with respect to her job duties being reassigned, Plaintiff admits that the intent of any shifting of her duties was Mr. Nelson's selfish interest in keeping his job. Shockey Tr. at 137:8–21. But such an intent does not tend to prove discriminatory animus. *Willie*, 33 F. App'x at 705. Moreover, Plaintiff testified that she was not demoted and neither her title nor her benefits changed. Shockey Tr. at 144:8–21.

[2] While Plaintiff objects to the affidavits as evidence, the fact that Mr. Nelson was subsequently terminated is not in dispute.

Because the record is devoid of evidence that Defendant's asserted reduction in force justification for termination or job restructuring is pretextual, the Court finds that summary judgment is appropriate as to Plaintiff's ADEA claims.

## II. Title VII Claim

Plaintiff also alleges a Title VII claim that Defendant subjected Plaintiff to discriminatory terms and conditions of employment because of her gender. (Doc. No. 1, at ¶¶ 30–36.) Defendant has moved for summary judgment on Plaintiff's Title VII claim. (Doc. No. 32, at 20–21.) Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff similarly proceeds with her Title VII claim under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas*, 411 U.S. 792; *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996)). Under this framework, a plaintiff has the initial burden of establishing a prima facie case of retaliation. *Id.* Then, the burden shifts to the employer to introduce evidence of "a legitimate, nonretaliatory reason for the adverse employment action." *Id.* If the employer meets this burden, the "plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real . . . retaliatory purpose." *Id.* (quoting *McCoy v. City of Shreveport*, 392 F.3d 551, 557 (5th Cir. 2007)).

For purposes of the motion, Defendant contends it will not challenge that Plaintiff can establish a prima facie case of sex discrimination. (Doc. No. 32, at 20.) Thus, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for Plaintiff's termination. *McDonnell Douglas*, 411 U.S. at 802. Defendant again contends the reason for Plaintiff's termination was a reduction in force. (Doc. No. 32, at 21.) For the same reasons discussed above,

the Court finds the reduction in force to be a legitimate non-discriminatory reason for Plaintiff's termination. *Texas Instruments Inc.*, 100 F.3d at 1181 (finding a "reduction in force" to be "a legitimate, nondiscriminatory reason for discharge"). Thus, the burden shifts back to Plaintiff to show that Defendant's legitimate non-discriminatory reason was pretext for sex discrimination. *McDonnell Douglas*, 411 U.S. at 804.

Here, as evidence of pretext, Plaintiff contends that each male manager who was employed by Suddenlink in the shared services department retained a position at the time Plaintiff was terminated. (Doc. No. 36, at 17.) Further, Plaintiff argues that Mr. Nelson made comments that were sexist implying she should retire because she had "a husband to provide for her." *Id.* As an initial matter, Plaintiff does not provide record cites to these arguments. However, considering Plaintiff's own testimony, Plaintiff mischaracterizes the record. During her deposition, Plaintiff never testified that Mr. Nelson stated that she should retire because her husband can "provide" for her. Rather, Plaintiff testified that Mr. Nelson encouraged her to talk to her husband about retirement, suggesting she'd be happier if she retired. Shockey Tr. at 234:20–24. Mr. Nelson also testified that he never suggested Plaintiff retire because she had a husband who was employed and could provide for her. Doc. No. 36-3, Nelson Tr. at 31:17–20. Nothing from the text of these statements suggests any sexist remark was made by Mr. Nelson.

Thus, Plaintiff's only evidence of pretext is the fact that male managers were retained in Plaintiff's department when she was let go. Again Plaintiff does not point to specific evidence in making this argument, but simply contends that "[e]ach male manager who was employed with Suddenlink in the Shared Services department retained a position with the company at the time of [Plaintiff's] termination." (Doc. No. 36, at 17.) Even assuming there is evidence to support

this claim and it is uncontested,[3] this evidence is insufficient to create a triable fact as to pretext for intentional sex discrimination. *See, e.g., King v. W.W. Grainger Inc.*, 502 F. App'x 360, 362 (5th Cir. 2012) (finding that evidence of male employees who were fired while two female employees were retained is "by itself is insufficient to prove pretext for intentional discrimination."). Furthermore, given that Mr. Nelson was again the one to hire and fire Plaintiff, and was himself terminated shortly after Plaintiff, the same actor inference suggests that discrimination was not the motivation for Plaintiff's termination. *Brown*., 82 F.3d at 658; Shockey Tr. at 10:3–4; 122:13–124:5; Doc. No. 32-8, at ¶ 16. Thus, the Court finds that summary judgment as to Plaintiff's Title VII claim is also appropriate.

## CONCLUSION

For the reasons discussed herein, Defendant's Motion for Summary Judgment (Doc. No. 32) is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED** with prejudice. This Order constitutes a judgment for purposes of Rule 54.

**So ORDERED and SIGNED this 2nd day of January, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[3] In her statement of facts Plaintiff does suggest Mark Nelson and Kris Galland were retained upon her termination. Nelson Tr. at 44:2–45:21. As discussed above, these employees were let go shortly after Plaintiff. Doc. No. 32-8, at ¶ 16.